IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Manigault,               ) | C/A No.  0:15-4647-JFA-PJG |
|                                          ) | |
|                  Plaintiff,        ) | |
| v.                                    ) | |
|                                          ) | **REPORT AND RECOMMENDATION** |
| Albert Housey, *Lieutenant*; Ryan Grant, ) | |
| *Corporal*; Dustin Crosby, *Officer*; Gary ) | |
| Eichelberger, *Major*; Valerie Jackson, ) | |
| *Captain/Disciplinary Hearing Officer*; Levern ) | |
| Cohen, *Warden*,                  ) | |
|                                          ) | |
|                  Defendants.  ) | |
| _____) | |

The plaintiff, Richard Manigault, a self-represented state prisoner, brings this civil rights action alleging a violation of his constitutional rights.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  Plaintiff is an inmate at Evans Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed as to the following defendants:  Gary Eichelberger, *Major*; Valerie Jackson, *Captain/Disciplinary Hearing Officer*; Levern Cohen, *Warden*.

**I.     Factual and Procedural Background**

Plaintiff alleges that Defendants Albert Housey, Ryan Grant, and Dustin Crosby used excessive force against Plaintiff on May 12, 2014.[1]  (See generally Compl., ECF No. 1 at 3-5.) Defendant Warden Levern Cohen is named for viewing a video of the incident, but failing to "use his professional training skills in this matter."  (Id. at 6.)  Plaintiff sues Defendant Major Gary

---

[1] A separately docketed order directs the issuance and service of process against Defendants Housey, Grant, and Crosby.

Page 1 of  7



Eichelberger for failing to secure "audio/visual of the incident" and Defendant Captain Valerie Jackson, Disciplinary Hearing Officer, for "adopting the report of the staff members with no further explanation and refusing to produce the audio/visual" recording requested by Plaintiff at a disciplinary hearing on May 21, 2104. (Id. at 6.) Plaintiff seeks monetary damages in this case. (Id. at 7.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31.

---

[2] Screening pursuant to § 1915A is subject to this standard as well.



Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte.  See Neitzke, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

PJG

B.    Analysis

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In this action, Plaintiff states a potentially cognizable claim under § 1983 against Defendants Housey, Grant, and Crosby. However, for the reasons discussed below, the court finds that Plaintiff fails to state a claim upon which relief may be granted as to Defendants Eichelberger, Jackson, and Cohen.

Plaintiff provides no factual allegations to plausibly suggest any personal involvement by Defendants Eichelberger, Jackson, and Cohen in the alleged excessive use of force on May 12, 2014.[3] Instead, Plaintiff indicates that the incident on May 12, 2014 resulted in a disciplinary charge for striking an employee and he seeks damages against Defendants Eichelberger, Jackson, and Cohen for an alleged violation of Plaintiff's right to due process associated with a disciplinary hearing on May 21, 2014. (ECF No. 1 at 6-7; see also ECF No. 1-1 at 2.) While disciplinary proceedings which implicate a protected liberty interest demand due process, see Wolff v. McDonnell, 418 U.S. 539

---

[3] To the extent Plaintiff may be alleging that Defendant Cohen should be held liable in a supervisory capacity for the alleged excessive use of force by Defendants Housey, Grant, and Crosby, Plaintiff fails to provide factual allegations to plausibly assert that Defendant Cohen was actively or constructively aware of a risk of constitutional injury to Plaintiff, deliberately indifferent to that risk, or that an affirmative causal link exists between Defendant Cohen's alleged inaction and the particular constitutional injury suffered by Plaintiff. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999) (discussing the elements necessary to establish supervisory liability) (citing Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)).

(1974),[4] to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of life, liberty, or property by governmental action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472 (1995). In the instant case, Plaintiff has made no allegations or representations to the court that he lost any good time credits as a result of the disciplinary action, or that his disciplinary conviction resulted in an increase in the sentence imposed.[5] Thus, Plaintiff fails to state a cognizable due process claim against Defendants Eichelberger, Jackson, and Cohen.

---

[4] In Wolff, the United States Supreme Court held that where a disciplinary hearing affects a liberty interest, inmates must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action; and (4) a fair and impartial tribunal. Wolff, 418 U.S. at 563–67.

[5] The court notes that, even if Plaintiff had alleged the loss of good time credit, his claim would still be subject to summary dismissal, because he fails to plausibly suggest that the challenged disciplinary conviction has been overturned or otherwise invalidated. See Heck v. Humphrey, 512 U.S. 477, 487 (1994) (holding that a prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated); see also Edwards v. Balisok, 520 U.S. 641, 648 (1997) (extending the holding in Heck to a prisoner's claim for damages regarding loss of good time credits).



### III.  Conclusion

Accordingly, the court recommends that Complaint be summarily dismissed without prejudice and without issuance and service of process as to Defendants Eichelberger, Jackson, and Cohen.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 22, 2016
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).