IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Richard Manigault,<br><br>   Plaintiff,<br><br>v.<br><br>Albert Housey, *Lieutenant*; Ryan Grant, *Corporal*; Dustin Crosby, *Officer*; Gary Eichelberger, *Major*; Valerie Jackson, *Captain Disciplinary Hearing Officer*; and Levern Cohen, *Warden*,<br><br>   Defendants. | C/A No. 0:15-4647-JFA-PJG<br><br>**ORDER** |

## I. INTRODUCTION

Richard Manigault ("Plaintiff"), a prisoner proceeding pro se and *in forma pauperis*, brought this action against Lieutenant Albert Housey, Corporal Ryan Grant, and Officer Dustin Crosby (collectively "Defendants") claiming a violation of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] ECF No. 1. This matter is before the Court on Defendants' motion for summary judgment. ECF No. 64.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On or about November 16, 2015, Plaintiff filed this action alleging Defendants violated his rights under the Eighth Amendment to the United States Constitution.[2] ECF No. 1 at 2. In addition, Plaintiff moved for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, ECF No. 2, which

---

[1] This Court summarily dismissed Defendants Gary Eichelberger, Valerie Jackson, and Levern Cohen in a previous order. *See* ECF Nos. 14, 27.

[2] Plaintiff also alleged assault and battery claims against Defendant Housey. ECF No. 1 at 5.

was granted on December 4, 2015, by Magistrate Judge Paige J. Gossett, ECF No. 8.[3] On August 8, 2016, Defendants' filed a motion for summary judgment.[4] ECF No. 64. Because Plaintiff is proceeding pro se, the Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motion and of the need for him to file an adequate response. ECF No. 66. On or about August 29, 2016, Plaintiff filed a response in opposition to Defendants' motion for summary judgment. ECF No. 70.[5] On September 16, 2016, Defendants filed a reply.[6] ECF No. 76. On October 28, 2016, the Magistrate Judge issued a Report and Recommendation (the "Report"), recommending Defendants' motion for summary judgment be granted as to Defendants Grant and Crosby and denied as to Defendant Housey. ECF No. 91. The Report set forth in detail the relevant facts[7] and standards of law[8] on this matter, and this Court incorporates those facts and standards without a recitation.

The parties were advised of their right to object to the Report, which was entered on the docket on October 28, 2016. ECF Nos. 91, 93. The Magistrate Judge gave the parties until

---

[3] On March 25, 2016, Plaintiff filed a motion to amend his complaint, which was denied without prejudice by the Magistrate Judge on April 22, 2016, because the additional documents sought to be attached were more appropriate to present at trial or in response to a dispositive motion. ECF Nos. 30, 33, 37, 38.

[4] To the extent that Plaintiff would raise his claims against Defendants in their official capacities, this Court would grant summary judgment because "Eleventh Amendment sovereign immunity bars suit and recovery from the state 'even though individual officials are nominal defendants'" and Plaintiff has not requested injunctive relief. *Parker v. Stevenson*, 625 F. App'x 196, 199 n.1 (4th Cir. 2015) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).

[5] Plaintiff is incarcerated and, thus, the Court will apply the prisoner mailbox rule to Plaintiff's filings. *See Houston v. Lack*, 487 U.S. 266 (1988).

[6] On September 9, 2016, Defendants filed a motion for an extension of time to file a reply, which was granted by the Magistrate Judge. ECF Nos. 71, 73. Thus, Defendants' reply was timely filed.

[7] The Court modifies the Report's citation on the tenth page from ECF No. 61-1 at 9 to ECF No. 64-1 at 8.

[8] Inasmuch as the Report cites to *Cruz v. Beto*, 405 U.S. 319 (1972), to support a pro se litigant's complaint is to be liberally construed, it is replaced with *Erickson v. Pardus*, 551 U.S. 89 (2007). The former case relies solely upon the "no set of facts" standard provided in *Conley v. Gibson*, 355 U.S. 41 (1957), which was overruled in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560–63 (2007). *See Francis v. Giacomelli*, 588 F.3d 186, 192 n.1 (4th Cir. 2009). However, under the proper standard, the result remains unchanged. *See Erickson*, 551 U.S. at 93–94 (re-iterating the liberal construction of a pro se complaint after the decision in *Twombly*). Separately, the Court modifies the Report's reference on the third page to include S.C. Code. Ann. § 15-78-70(a) as well in its discussion of any assault and battery claims.

November 17, 2016, to file objections. *Id.* Plaintiff and Defendant Housey timely submitted objections to the Report. ECF Nos. 96, 97. Defendants Grant and Crosby timely responded to Plaintiff's objections. [9] ECF No. 98. Thus, this matter is ripe for the Court's review.[10]

## III.     DISCUSSION

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Because multiple parties have raised objections to the Report, each party's objections will be addressed separately.

### A. Plaintiff's Objections

Plaintiff objects to summary judgment in favor of Defendants Grant and Crosby because he feels that they "should be held responsible for their actions that took place on May 12, 2014,"

---

[9] Plaintiff filed a document replying to the response to his objections wherein he misinterprets it as accusing him of telling a different story when it stated, "In his objection, the Plaintiff makes different arguments for each of the Defendants, so each Defendant is addressed separately below." ECF No. 98 at 1. Moreover, Plaintiff attempts to argue that a videotape capturing the incident should be produced; however, the records provided by Plaintiff show it no longer exists. ECF No. 70-1 at 55–57. Therefore, this reply is not relevant to the analysis. ECF No. 101.

[10] In addition, Plaintiff filed a motion to appoint counsel, which was denied on May 20, 2016, by the Magistrate Judge. ECF Nos. 35, 41, 42, 47. On October 20, 2016, Plaintiff filed a second motion to appoint counsel; however, this motion does not incorporate any new substantive information showing exceptional circumstances exist at this time, and, thus, this Court finds that denial is appropriate for the previous reasons stated by the Magistrate Judge. ECF Nos. 47, 83, 88.

3

because they "violated his 8th Constitution Rights and Laws of the United State[s]." ECF No. 96 at 1. Plaintiff did not object to the facts as stated by the Magistrate Judge in the Report.

### 1. Defendant Grant

As to Defendant Grant, Plaintiff contends that the headlock was illegal because it is not taught in the academy for the South Carolina Department of Corrections ("SCDC") or the headlock was unnecessarily prolonged because another officer was assisting to resolve the situation. *Id.* at 1–2.

Defendant Grant responds that Plaintiff provides no support that headlocks are not taught at SCDC, which is insufficient to create an issue of fact, and "[a]ll uses of force are judged under the Whitley factors, so the Plaintiff's argument that a headlock is per se excessive force fails." ECF No. 98 at 1–2. With regard to the duration of the headlock, Defendant Grant responds that all evidence in the record supports the conclusion that he placed Plaintiff "in a headlock to gain control of a dangerous situation" and the factors under *Whitley* support his use of force. *Id.* at 2–4.

Defendant Grant is correct that Plaintiff cannot rely on a bald assertion that the headlock was illegal. Thus, without admissible evidence for support, Plaintiff has failed to show a genuine dispute as to a material fact regarding his objection to the legal use of a headlock.

In his verified complaint, Plaintiff alleged that "[s]econds" after he pushed Defendant Housey down, Defendant Grant grabbed him and placed him in a headlock. ECF No. 1 at 4. In addition, "[s]econds after that" Defendant Crosby arrived and grabbed Plaintiff's legs. *Id.* Then, "[a] matter of seconds after all of that, [Defendant] Housey stands over the plaintiff and commenced to punch Plaintiff." *Id.* Lastly, Plaintiff alleges that Defendant Grant told Defendant Housey to stop punching Plaintiff and Defendant Housey "snapped back into Reality and gave Plaintiff one more punch to the back of the head." *Id.* at 4–5.

4

Thus, Plaintiff's objection that the headlock was unnecessarily prolonged is unavailing as, in Plaintiff's own view, the encounter quickly progressed within seconds and is not alleged to have lasted long. The fact that Plaintiff's legs were being held by Defendant Crosby did not serve to automatically nullify the need to restrain Plaintiff's torso. Thus, the fact that another officer had arrived to assist in resolving "the situation" did not mean Defendant Grant was required to release his hold before Plaintiff was placed in restraints. Moreover, Plaintiff alleges that Defendant Grant told Defendant Housey to stop his actions.

Plaintiff failed to specifically object to the Report's walkthrough of the *Whitley* factors,[11] and, instead argues in a conclusory fashion that "[t]he headlock was not in good-faith to maintain or restore discipline. It was used maliciously and sadistically to cause physical harm." ECF No. 96 at 2. Due to the discussion above, and the correct analysis contained in the Report, Plaintiff's objection to the Magistrate Judge's recommendation regarding granting summary judgment in favor of Defendant Grant is overruled.

### 2. Defendant Crosby

Plaintiff only objects, in a conclusory fashion, to the Magistrate Judge's recommendation that summary judgment should be granted as to Defendant Crosby. ECF No. 96. In addition, for the first time, Plaintiff contends that holding his legs during the altercation and failing to intervene while Defendant Housey was allegedly punching Plaintiff amounts to a failure to protect claim against Defendant Crosby. *Id.* at 2–3.

Defendant Crosby responds that Plaintiff has failed to show bystander liability exists in this case because Defendant Crosby did not have a "reasonable opportunity to act" as "Plaintiff

---

[11] The Court adds to the Report's analysis that the relationship between the need for force and amount of force used was appropriate because Officer Grant needed to quickly address Plaintiff's actions—exiting his cell and pushing down an officer—and gain control of the situation. Officer Grant tempered the severity of the force applied by enforcing a headlock until Plaintiff was restrained.

continued to struggle" and the event occurred so quickly that Defendant Crosby was unable to release Plaintiff's legs and stop the alleged actions of Defendant Housey. ECF No. 98 at 5.

In his verified complaint, Plaintiff only alleges that Defendant Crosby "grab[bed] plaintiff's legs and put them in the air in a wheelbarrow position" during the altercation, and he "is suing [Defendant] Crosby cause he did not act professionally nor did he use his training skills while restraining the Plaintiff." *Id.* at 4–6. Now, for the first time in his objections to the Report, Plaintiff argues that Defendant Crosby watched Defendant Housey punch Plaintiff and "could have tr[i]ed to stop the perilous situation but did nothing to prevent the assault and cruel and unusual punishment. Defendant Crosby['s] duty is to protect and he did not during this incident." ECF No. 96 at 3. This accusation is not a specific objection to the Report's conclusion that "no reasonable jury could find that the amount of force used by [Defendant Crosby] was unconstitutionally excessive." ECF No. 91 at 7.

Thus, this is not a specific objection to the Magistrate Judge's recommendation and is an allegation that has been alleged for the first time in Plaintiff's objections, which is improper. *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."); *see also* Fed. R. Civ. P. 72(b)(3)("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Moreover, Plaintiff has not moved to amend his complaint with regard to this claim. Therefore, the Court is not required to address it. However, if the Court were to consider this "objection," it would not be sustained.

"[A]n officer may be liable under § 1983, on a theory of bystander liability, if he: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable

opportunity to prevent the harm; and (3) chooses not to act." *Randall v. Prince George's Cty., Md.*, 302 F.3d 188, 204 (4th Cir. 2002). Defendant Crosby is correct in his contention that he did not have a reasonable opportunity to prevent the alleged harm caused as even Plaintiff describes the event of Plaintiff pushing Defendant Housey down, Defendant Grant arriving and putting Plaintiff in a headlock, and Defendant Crosby arriving and grabbing Plaintiff's legs as all occurring within seconds of each other. According to Plaintiff, Defendant Grant told Defendant Housey to stop punching Plaintiff and Defendant Housey complied.

A failure-to-protect claim has two elements: (1) the prisoner suffered "a serious deprivation of his rights in the form of a 'serious or significant physical or emotional injury,'" and (2) the prison official had a "sufficiently culpable state of mind," specifically a "deliberate indifference to inmate health or safety." *Nelson v. Henthorn*, No. 16-6174, 2017 WL 384304, at *2 (4th Cir. Jan. 26, 2017) (quoting *Danser v. Stansberry*, 772 F.3d 340, 346–47 (4th Cir. 2014)). Even yet, Plaintiff has failed to show, by Defendant Crosby reasonably responding to an incident caused by Plaintiff, that Defendant Crosby failed to protect Plaintiff from Defendant Housey. *See Farmer v. Brennan*, 511 U.S. 825, 844–45 (1994) (internal citations and quotations omitted) ("In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. A prison official's duty under the Eighth Amendment is to ensure 'reasonable safety,' a standard that incorporates due regard for prison officials' "unenviable task of keeping dangerous men in safe custody under humane conditions. Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause.").

Due to the discussion above, and the correct analysis contained in the Report,[12] Plaintiff's objection to the Report's recommendation regarding granting summary judgment in favor of Defendant Crosby is overruled.

### B. Defendant Housey's Objections

Defendant Housey objects to the Report's recommendation that his motion for summary judgment be denied because he argues that "Plaintiff failed to present a triable issue of fact that he was actually beaten in the face or head repeatedly, in light of the objective medical evidence that indicates this could not have occurred." ECF No. 97 at 1. Plaintiff did not respond to Defendant Housey's objection.[13]

In support of his contention that the objective medical records contradict Plaintiff's assertions, and, thus, Plaintiff must substantiate his claim with additional evidence that the attack occurred, Defendant Housey cites two South Carolina district court cases. *See Valentine v. Richardson*, 2008 WL 80129 (D.S.C. Jan. 7, 2008); *Brown v. Powell*, 2014 WL 691662 (D.S.C. Feb. 21, 2014). Noticeably lacking are cases that this Court can rely upon for mandatory authority.

In *Williams v. Griffin*, the Fourth Circuit confronted a similar position wherein the prison officials argued that the plaintiff had failed "to submit documentary evidence to substantiate his claim" and survive their motion for summary judgment. 952 F.2d 820, 823 (4th Cir. 1991). The

---

[12] The Court adds to the Report's analysis that the relationship between the need for force and amount of force used was appropriate as Officer Crosby needed to quickly address Plaintiff's actions—exiting his cell and pushing down an officer—and gain control of the situation so he grabbed Plaintiff's legs. Officer Crosby tempered the severity of the force applied by simply holding Plaintiff's legs in the air until Plaintiff was under control.

[13] With regard to footnote four in the Report and discussion of the pepper spray disbursement not constituting use of excessive force, the Court acknowledges that Plaintiff did state in his sur-reply, "Spraying Plaintiff was not appropriate as Defendants claim." ECF No. 78 at 1. However, this allegation is not contained in Plaintiff's complaint and the facts provided do not support that Defendant Housey acted inappropriately by disbursing pepper spray after warning Plaintiff to stop banging on his cell door and Plaintiff disobeyed. *See* ECF No. 1 at 3–4; *see also Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996). Therefore, Plaintiff has failed to allege and show the disbursement of pepper spray constituted use of excessive force in this case.

Fourth Circuit stated, "[A] *verified* complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge." *Id.* (citing *Davis v. Zahradnick*, 600 F.2d 458, 459–60 (4th Cir. 1979) (holding that the factual allegations contained in a verified complaint establish a *prima facie* case under 42 U.S.C. § 1983, so as to preclude summary judgment)). Thus, the Fourth Circuit held the plaintiff's "verified complaint, which described the allegedly unconstitutional prison conditions, was based upon his own personal knowledge and set forth specific facts admissible in evidence. Accordingly, it may be considered in opposition to summary judgment." *Id.*

To support his claim that Defendant Housey used excessive force against him, Plaintiff has submitted several documents: (1) his verified complaint, stating Defendant Housey stood "over the plaintiff and commenced to punch Plaintiff in the back of the head, and the side of plaintiff's face (repeatedly)"; (2) his prison grievance, detailing his injuries in a manner consistent with the allegations in his complaint; and (3) medical records, including a sick call request on the day following the alleged assault wherein Plaintiff complained that he had a "[m]ajor headache and back pain from Lt. Housey, Grant, and [Crosby]. They assaulted me and I'm in Lots of PaiN." ECF Nos. 1; 70-1. Plaintiff alleged that a videotape existed depicting the event, but he was unable to obtain a copy.[14]

"Although several pieces of evidence offered by [Defendant Housey] may significantly draw into question [Plaintiff's] allegations, a district court has limited ability to discount evidence offered by a nonmoving party in support of his allegations." *See Parker*, 625 F. App'x at 199 (citing *Scott v. Harris*, 550 U.S. 372, 378–80 (2007) (stating "courts usually must adopt the

---

[14] On or about July 29, 2014, Plaintiff submitted a request to Investigator Gavin at the South Carolina Department of Corrections for the surveillance video capturing the incident in question; however, despite the fact that the warden previously issued a decision denying Plaintiff's grievance "[a]fter reviewing the tape," Investigator Gavin responded that the video had not been saved for future use. ECF Nos. 1-1; 70-1.

9

plaintiff's version of events for purposes of summary judgment except where evidence 'blatantly contradicted' nonmoving party's allegations and permits grant of summary judgment").

Here, the extent of Plaintiff's injuries may be in dispute as Plaintiff provides alternate causes for his injuries in the months following the incident; however, when determining whether force was excessive it is "the nature of the force, rather than the extent of the injury, [that] is the relevant inquiry." *Hill v. Crum*, 727 F.3d 312, 321 (4th Cir. 2013). Accordingly, while Plaintiff's injuries are relevant to whether there is a genuine issue of material fact regarding the force used by Defendant Housey, it is not the only consideration. Moreover, Ms. Hill's affidavit, submitted in support of Defendant Housey's contention that the objective medical evidence indicated Plaintiff could not have been hit in the face or head, only states, "No swelling or discoloration of his neck or back was noted." ECF No. 97-2. It does not mention the condition of Plaintiff's face or head. *Id.*

The Fourth Circuit has stated, "Lest there be doubt as to the rule in this circuit, we specifically hold that the unjustified striking, beating, or infliction of bodily harm upon a prisoner gives rise to liability under 42 U.S.C. § 1983 on the part of one who, acting under color of state law, engages in such conduct without just cause." *King v. Blankenship*, 636 F.2d 70, 72 (4th Cir. 1980). Thus, "[i]njury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010).[15]

---

[15] In an unpublished opinion released in 2015, the Fourth Circuit remanded a prisoner's excessive force claim because the magistrate judge "incorrectly considered the 'extent of the injury inflicted'" and the Fourth Circuit directed the claim to be evaluated under the four factors articulated in *Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008). *Parker*, 625 F. App'x at 198 (quoting four of the five factors stated in *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). However, in an unpublished opinion released in 2016, the Fourth Circuit stated that the applicable factors were the aforementioned along with "the extent of the prisoner's

Due to the discussion above, and the correct analysis contained in the Report, Defendant Housey's objection to the Report's recommendation regarding denial of summary judgment is overruled.

### IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, and conducting de novo review of the Magistrate Judge's recommendation that was properly objected to, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law, as modified. Accordingly, the Court **ADOPTS** the Report and Recommendation, as modified, and **INCORPORATES** it by reference. ECF No. 91.

Therefore, it is **ORDERED** that Defendants' motion for summary judgment is **GRANTED IN PART** as to Defendants Grant and Crosby and **DENIED IN PART** as to Defendant Housey. ECF No. 64.

Furthermore, Plaintiff's motion to appoint counsel is **DENIED** without prejudice. ECF No. 83.

The Court will conduct a jury trial of the issues remaining in this case during the May/June, 2017 Term of Court. The Court will conduct a pretrial conference at 10:00 a.m. on April 13, 2017.

---

injury." *Boone v. Everett*, No. 16-6843, 2016 WL 6135279, at *2 (4th Cir. Oct. 21, 2016) (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

   Due to this more recent guidance, this Court adopts the Magistrate Judge's evaluation considering the extent of the injury while mindful that "the extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321). Thus, "[t]he absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it." *Id.*; *See Wilkins*, 559 U.S. at 37 (rejecting the notion that a "significant injury" is a threshold requirement, but stating "[t]his is not to say that the 'absence of serious injury' is irrelevant to the Eighth Amendment inquiry").

11

The South Carolina Department of Corrections is requested to transport Plaintiff to the Matthew J. Perry, Jr. Federal Courthouse for the pretrial conference.

Plaintiff and Defendant Housey must bring to the pretrial conference copies of all documents, exhibits, and any existing video proposed to be introduced at trial, together with a list of all witnesses to be called. The witness list should include the current address and, if applicable, the inmate number of all witnesses.

**IT IS SO ORDERED.**

March 23, 2017
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge